UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09330-SVW-PLA | Date | December 6, 2021 |
|---|---|---|---|
| Title | Luz Zendejas v. LA Pico Plaza, LLC | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     IN CHAMBERS ORDER TO FILE JOINT STATUS REPORT.

It is the policy of this Court to encourage expedient resolution of civil litigation.  Cf. Fed. R. Civ. P. 1 (noting that rules of civil procedure should be construed to "secure the just, speedy, and inexpensive determination of every action and proceeding").

In accordance with that policy, the Court reminds the parties that "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."  Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011).  If the defendant in an ADA case removes the alleged barriers and demonstrates that the alleged barriers could not reasonably be expected to arise again, the ADA claim may be dismissed.  See id.; see also Am. Cargo Transp., Inc. v. United States, 625 F.3d 1176, 1179 (9th Cir. 2010).

This is true even if a plaintiff pleads nominal damages, because nominal damages are not available under Title III of the ADA.  See Hillesheim v. Holiday Stationstores, Inc., 953 F.3d 1059, 1062 (8th Cir. 2020); G. v. Fay Sch., 931 F.3d 1, 11 (1st Cir. 2019); Brooke v. A-Ventures, LLC, 2017 WL 5624941, at *5 (D. Ariz. Nov. 22, 2017).

If an ADA claim is mooted and dismissed at an early stage, the Court has the discretion to decline supplemental jurisdiction over state law claims.  See Oliver, 654 F.3d at 911 (finding no abuse of discretion where district court declined supplemental jurisdiction after ADA claims were moot).

Additionally, if an ADA claim is mooted and dismissed, the plaintiff is not entitled to attorney's fees.  See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources, 532 U.S. 598 (2001) (affirming denial of attorney's fees where ADA claim rendered moot prior to trial); see also Molski v. Foster Freeze Paso Robles, 267 Fed.Appx. 631, 632 (9th Cir. 2008) (citing Buckhannon, 532 U.S. at 605) (affirming district court's order dismissing ADA claims as moot, dismissing supplemental state claims, and denying attorney's fees).

**In light of the foregoing, the parties are ORDERED to issue a joint status report at least 7 days prior to the initial status conference.**  In that status report, Defendant should describe the measures it has taken to investigate and/or remedy the alleged barriers.  If Defendant implemented remedial measures, Plaintiff should state their position regarding those measures.  Both parties should state whether and when they intend to move for summary judgment.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |